## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

HEIDI A. EIKOM,

        Appellant,

      v.

DEPARTMENT OF HEALTH AND
   HUMAN SERVICES,

        Agency.

DOCKET NUMBER
SF-1221-20-0626-W-2

DATE: March 11, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Heidi A. Eikom</u>, Mesquite, Nevada, pro se.

<u>Joyee Joseph Lam</u>, Esquire, and <u>Ryan T. Birmingham</u>, Esquire, San
   Francisco, California, for the agency.

<u>Moira McCarthy</u>, Phoenix, Arizona, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which denied corrective action in her individual right of action appeal alleging whistleblower reprisal. On petition for review, the appellant continues to argue that the agency's reasons for taking the personnel actions against her are pretext

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

and that the true basis for the personnel actions is reprisal. Petition for Review (PFR) File, Tab 1 at 4-10. She also argues that several of the administrative judge's "assumptions" are not based on fact. *Id.* at 12-20. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to VACATE the administrative judge's finding that the agency proved by clear and convincing evidence that it would have taken the same actions absent the appellant's protected disclosure or activity, we AFFIRM the initial decision.

The administrative judge correctly found that the appellant failed prove that her November 8, 2019 complaint regarding her first-level supervisor's treatment of her constitutes a protected disclosure under 5 U.S.C. § 2302(b)(8). [2] *Eikom v. Department of Health & Human Services*, MSPB Docket

---

[2] In considering whether the appellant proved by preponderant evidence that she disclosed what she reasonably believed constituted a supervisor's abuse of authority, the administrative judge cited to *Pedeleose v. Department of Defense*, 107 M.S.P.R. 191, ¶ 37 (2007). The Board has since vacated that decision. *See Pedeleose v. Department of Defense*, 110 M.S.P.R. 508, ¶ 25 (2009). Any error in citing to this decision did not affect the parties' substantive rights or the outcome of this appeal and, therefore, does not require reversal. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

No. SF-1221-20-0626-W-2, Appeal File (W-2 AF), Tab 34, Initial Decision (ID) at 10-15. Nonetheless, she proceeded to consider whether the agency met its burden of showing by clear and convincing evidence that it would have placed the appellant on administrative/investigative leave, reassigned her, or issued her an unfavorable performance appraisal even in the absence of any protected disclosure or activity. ID at 20-39. Because we agree with the administrative judge that the appellant failed to establish a prima facie case of whistleblower reprisal,[3] it was improper for the administrative judge to then consider whether the agency met its burden to show by clear and convincing evidence that it would have taken the same actions in the absence of the appellant's protected disclosure. *See* 5 U.S.C. § 1221(e)(2); *Clarke v. Department of Veterans Affairs*, 121 M.S.P.R. 154, ¶ 19 n.10 (2014) (stating that the Board may not proceed to the clear and convincing evidence test unless it has first made a finding that the appellant established his prima facie case), *aff'd*, 623 F. App'x 1016 (Fed. Cir. 2015).[4] Accordingly, we vacate the initial decision's finding that the agency showed by clear and convincing evidence that it would have placed the appellant on administrative/investigative leave, reassigned her to another health center, and issued her a lower performance appraisal even if she had not submitted her November 8, 2019 complaint.

---

[3] We have considered whether the appellant's November 8, 2019 complaint constitutes protected activity under 5 U.S.C. § 2302(b)(9) but conclude that it does not. The appellant has not shown that her complaint was filed pursuant to any right granted by law, rule, or regulation, or that it was filed to remedy whistleblower reprisal, nor has she shown that the complaint was made to an agency component responsible for an internal investigation. *See* 5 U.S.C. § 2302(b)(9); *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶¶ 6-7 (2013).

[4] In *Delgado v. Merit Systems Protection Board*, 880 F.3d 913, 924-25 (7th Cir. 2018), the U.S. Court of Appeals for the Seventh Circuit disagreed with the Board's discussion of an exhaustion issue in *Clarke*. That discussion is not relevant here.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD: _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.